## RELIANCE LIFE INS. CO. v. SWANSON.

(Circuit Court of Appeals, Ninth Circuit. April 5, 1926.)

1. Insurance ⬱531—Merchant, killed while operating freight elevator to raise barrel of oil for use in pleasure car, held not to have changed occupation, so as to forfeit portion of accident insurance.

Merchant, killed while attempting to raise a barrel of lubricating oil on freight elevator at request of his wife for use in pleasure automobile, *held* not to have changed his occupation to more hazardous one of freight elevator operator or laborer, so as to forfeit portion of accident insurance.

2. Appeal and error ⬱221—Insurance ⬱598—Pendency of suit wherein insurer was temporarily enjoined from paying insurance to plaintiff in suit on policy held not to warrant disallowance of interest, where not pleaded as defense to claim therefor, and question of interest was not raised or passed on in District Court.

In suit on accident insurance policy, interest will not be disallowed by Circuit Court of Appeals because of pendency of suit wherein insurer was temporarily enjoined from paying insurance to plaintiff, where not pleaded as partial defense or defense to claim for interest, and question of interest was not raised or passed on in District Court.

In Error to the District Court of the United States, for the Southern Division of the Northern District of California; John S. Partridge, Judge.

Action by Elsie Swanson against the Reliance Life Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Livingston & Livingston, of San Francisco, Cal., for plaintiff in error.

John Ralph Wilson, of San Francisco, Cal., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. On February 26, 1922, Charles J. Swanson met his death while attempting to raise a barrel of lubricating oil from the floor of the basement of his store to a standard or cradle by means of an electrical freight elevator, in order that oil might be drawn therefrom. At the time of his death he held an accident insurance policy for the sum of $5,000, payable to his wife within 60 days after proof of death resulting from injuries effected through accidental means. Swanson was insured as a merchant, and the policy provided, among other things, that if he was injured after having changed his occupation to one classified by the company as more hazardous than that stated in the policy, or while he was doing any act or thing pertaining to any occupation so classified, except ordinary duties about his residence or while engaged in recreation, the company would pay only such portion of the indemnities provided in the policy as the premium paid would have purchased at the rate and within the limits fixed by the company for such more hazardous occupation.

[1] The present action .was brought upon the policy. The answer of the insurance company averred, among other things, that at the time the insured was injured and killed he was engaged as operator of a freight elevator, or as laborer on an elevator; that such occupations were more hazardous than that of merchant, and that the premium paid would have purchased insurance in these more hazardous occupations in an amount substantially less than the amount claimed. This defense, or partial defense, presents the principal question for consideration in this court. The case was tried by the court below without the intervention of a jury. There was no conflict in the testimony, and no question is raised as to the findings of the court, aside from a finding that at the time of his injury and death the insured was engaged in recreation, in that he was engaged in procuring oil for an automobile which was used principally for pleasure. The sufficiency of the testimony to support this finding was properly challenged at the trial in the court below, and is challenged here. It appears from the testimony that the insured was engaged in the mercantile business, and also operated a gasoline boat for the transportation of freight from coast and interior points in California to San Francisco, dividing his time about equally between the two occupations or employments. Oil to lubricate the gasoline engine and the engines of an automobile truck and two touring cars was kept in the basement of the store. The truck was used by the insured in his business, and the two touring cars were used in the business and by the insured and his family for pleasure.

On a Sunday morning the insured was requested by his wife to bring home some lubricating oil for one of the touring cars used by the insured and his wife, and, so far as the record discloses, he was engaged in carrying out this request, and was attempting to place the barrel on the standard or cradle in order to obtain the oil, when he met his death. What the result would have been if the insured was getting oil for use in his business we need not inquire, be-

cause that question is not before us. But it is quite manifest that he had not changed his occupation, and we think it is equally manifest that he was not necessarily engaged as an operator of an elevator, or as a laborer on an elevator, from the simple fact that he used the elevator incidentally and temporarily in order to obtain the oil at the request of his wife. To hold, as a matter of law, that a merchant forfeits a considerable portion of the indemnity intended for the benefit of his family by performing such an act in fulfilling such a request is to place entirely too narrow a construction upon the policy. Standard Life & Accident Ins. Co. v. Fraser, 76 F. 705, 22 C. C. A. 499; Gotfredson v. German Commercial Accident Co., 218 F. 582, 134 C. C. A. 310, L. R. A. 1915D, 312, and cases there cited.

[2] In one of the affirmative defenses it is alleged that certain parties therein named had theretofore commenced a suit in the state court against the parties to this action wherein they sought to restrain the plaintiff in error herein from paying to defendant in error herein the amount of the insurance now in controversy; that in and by said suit the plaintiffs therein sought to compel the plaintiff in error herein to pay the amount of the insurance to said plaintiffs; that said suit was thereafter removed into the court below; that a temporary injunction was there granted, restraining the plaintiff in error herein from paying said insurance money to the defendant in error herein until the further order of the court; and that said injunction has never been vacated or set aside. The pendency of that suit is then interposed as a further and separate defense.

It is now contended in this court that no interest should have been allowed on the claim in suit because of this injunction. But it is plain from an inspection of the record that the pendency of the former suit was not pleaded as a partial defense to this action, or as a defense to the claim for interest. No reference was made to the question of interest in either the findings or declarations of law requested by the plaintiff in error at the close of the trial, and no reference to that question is found in the opinion of the court below. It is quite apparent, therefore, that the question of interest was not raised in or passed upon by that court. It we were satisfied that the judgment was excessive, or that interest was improperly allowed, we might correct the error, even though the question was raised here for the first time; but we are not so satisfied, as it clearly appears from the record that the injunction had nothing whatever to do with the nonpayment of the claim. Under such circumstances, we do not feel that the interposition of this court as a mere matter of grace is either called for or warranted.

The judgment of the court below is affirmed.